## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONNA TETTER, *et al.*, | |
| *Plaintiff*, | |
| v. | No. _____ |
| TRAVELERS INDEMNITY COMPANY, | |
| *Defendant*. | |

## NOTICE OF REMOVAL

Defendant Travelers Personal Insurance Company, incorrectly identified as Travelers Indemnity Company in the Complaint ("Travelers"), removes this action from the Circuit Court for Washington County (the "State Court") to the United States District Court for the District of Maryland.

## REQUIREMENTS FOR REMOVAL

1. Plaintiffs Donna Tetter and Norman Tetter ("Plaintiffs") filed this action in the State Court on July 31, 2024, where it was captioned *Donna Tetter and Norman Tetter v. Travelers Indemnity Company*, Case No. C-21-CV-24-000337. Thus, this notice of removal is filed less than "one year after commencement of the action." 28 U.S.C. § 1446(c).

2. Plaintiff served Travelers with the Complaint on August 19, 2024. Thus, this notice of removal is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

3. There are no other defendants who must join or consent to this notice of removal under 28 U.S.C. § 1446(b)(2)(A).

4. A copy of the State Court Complaint, Summons, and Civil Cover Sheet are attached as Exhibit 1. *See* 28 U.S.C. § 1446(a); Local Rule 103.5. No other process, pleadings or orders have been served on Travelers.

5. "Promptly after the filing of [this] notice of removal," Travelers will file the notice attached as Exhibit 2 with the Clerk of the State, thereby notifying "all adverse parties" and the State Court of this removal. 28 U.S.C. § 1446(d).

## REQUIREMENTS FOR DIVERSITY JURISDICTION

6. Plaintiffs are citizens of Maryland. Compl., Ex. 1 ¶ 2 (describing Plaintiffs as "a resident of Washington Couty, Maryland"). Plaintiffs' claims relate to a property they own that is located in Boonsboro, Maryland. *Id.* at ¶ 1. Travelers (the only defendant) is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Travelers is therefore a citizen of Connecticut. Thus, diversity of citizenship exists between Plaintiffs and Travelers.

7. The amount in controversy in this action is in excess of $75,000, exclusive of interest and cost. *See id.* at 4. Removal of this lawsuit is thus authorized by 28 U.S.C. §1441(a), because this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1).

Respectfully submitted,

/s/ Bradley M. Strickland
Bradley M. Strickland (21055)
Kirstin Maguire Hopkins (19629)
KRAMON & GRAHAM, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
(410) 752-6030 telephone
(410) 539-8231 facsimile
bstrickland@kg-law.com
khopkins@kg-law.com

3

*Attorneys for Travelers Personal Insurance Company, incorrectly identified as Travelers Indemnity Company*

3

4888-6572-6947, v. 1